KENTUCKY BAR ASSOCIATION,
Movant,

v.

William A. MITCHELL, Respondent.

No. 2011–SC–000300–KB.

Supreme Court of Kentucky.

Aug. 25, 2011.

*OPINION AND ORDER*

JOHN D. MINTON, JR., Chief Justice.

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, William A. Mitchell, KBA Member No. 83005, who was admitted to practice law in Kentucky on November 3, 1989, and whose last known bar roster address is 613 Frederica

Street, Owensboro, Kentucky 42301,[1] be suspended from the practice of law for one year as a result of two disciplinary charges which resulted in default cases under SCR 3.210. For the reasons set forth below, we agree with and adopt the Board's recommendation. A summary of the two KBA Files containing discipline charges against Respondent follows.

## KBA FILE 18285

In 2006, Respondent was hired by Sarah Minton to settle her mother's estate. Respondent filed the estate's probate in May 2006, at which time Minton was appointed Executrix. Thereafter, Respondent failed to diligently proceed with the settlement of the estate or adequately communicate with Minton regarding the estate. Additionally, Respondent provided no written fee agreement and charged Minton a total of $37,922.00 for his representation.[2] The total estate was worth approximately $150,000.00. In a bar complaint filed by Minton against Respondent on November 20, 2009, she alleged that he abandoned his representation of the estate and that his fee was "an excessive amount of money for the work involved and the results obtained."

Respondent filed his response on April 15, 2010. Respondent admitted the general allegations made by Minton, but overall characterized the matter as a simple fee dispute. Respondent stated that he would "in good faith resolve the fee dispute with Minton." Also, the response indicated that Respondent had spent time in a rehab facility until March 2010.

In April 2010, Minton met with Respondent's former counsel, David Kelly, regarding the "fee dispute." Kelly confirmed that he negotiated and drafted a settlement agreement in which Respondent agreed to repay Minton $30,000.00. The settlement agreement included a clause which required Minton to drop her bar complaint against Respondent and refuse to assist the KBA in investigating Respondent unless compelled by subpoena, court order, or other binding authority.

■ The six count Charge in KBA File 18285 was issued on November 18, 2010, alleging Respondent violated SCR 3.130–1.1 ("A lawyer shall provide competent representation to a client"); SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client"); SCR 3.130–1.4(a) ("A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information"); SCR 3.130–1.5 ("A lawyer's fee shall be reasonable"); SCR 3.130–1.16(d) ("A lawyer shall return any unearned fee at the termination of representation"); and SCR 3.130–3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client"). After several unsuccessful attempts to serve Respondent, he was constructively served through the Executive Director per SCR 3.175. No response to the Charge was filed. The Board of Governors voted thirteen to zero, with one recusal, to find Respondent guilty of all charges found in KBA File 18285.

## KBA FILE 18742

■ In September 2006, Respondent, serving as Executor of the estate of Clif-

---

1. Respondent has also provided an alternate address of 1015 Cottage Drive, Owensboro, Kentucky 42301.

2. Minton alleges that Respondent would from time to time request money from her, present checks to her to sign for his fees, and that he "requested money be drawn from the estate bank account in random amounts at random times."

ford S. Rhoads, filed the decedent's will for probate. However, Rhoads's heirs allege that after the probate filing, Respondent performed little to no work on completing the estate. The record reflects very little activity in the Rhoads's probate except for repeated attempts by the county clerk to contact Respondent to ask about the status of the matter. Eventually Rhoads's heirs became tired of dealing with Respondent, believed he had a drinking problem, and replaced him with alternative counsel. Respondent apparently paid himself a total of $17,500.00 from the estate. This money has not been paid back to the estate. In late February 2011, the estate filed a Client Security Claim against Respondent.

The Inquiry Commission issued a complaint against Respondent on June 1, 2010. This complaint was unable to be served on Respondent and no response was filed.

The six count Charge in KBA File 18742, was issued on November 18, 2010, alleging Respondent violated SCR 3.130–1.1 ("A lawyer shall provide competent representation to a client."); SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); SCR 3.130–1.5(a)("A lawyer's fee shall be reasonable."); SCR 3.130–1.16(d) ("A lawyer shall return any unearned fee at the termination of representation"); SCR 3.130–3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."); and SCR 3.130–8.1(b)("A lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority"). Again, after several unsuccessful attempts to serve Respondent with the charge, he was constructively served through the Executive Director per SCR 3.175. No response was filed. The Board of Governors voted thirteen to zero, with one recusal, to find Respondent guilty of all charges found in KBA File 18742.

## CONCLUSION

█ Based upon the seriousness of the charges against him, the Board of Governors, voted thirteen to zero, with one recusal, to recommend that Respondent be suspended from the practice of law for one year for the violations found in KBA File 18285 and suspended from the practice of law for one year for the violations found in KBA File 18742, with both suspensions to run concurrently. Additionally, the Board recommended that Respondent be referred to KYLAP, and pay restitution in the amount of $17,500.00 to the Rhoads estate. Respondent has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

Thus it is ORDERED that:

1) Respondent, William A. Mitchell, KBA Member No. 83005, 613 West Frederica Street, Owensboro, KY 42301 or alternatively 1015 Cottage Drive, Owensboro, KY 42301 is adjudged guilty of the charges contained in KBA File 18285 and KBA File 18742 and is suspended from the practice of law in this Commonwealth for a total of one year;

2) Respondent must make restitution to the estate of Clifford S. Rhoads in the amount of $17,500.00;

3) Respondent is hereby referred to KYLAP for assistance;

4) Under SCR 3.390, Respondent must, within ten (10) days from entry of this Opinion and Order, (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify all clients, in writing, of his inability to represent them; notify all courts in which

he has matter pending of his disbarment from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association;

5) In accordance with SCR 3.450, Respondent must pay all costs associated with these disciplinary proceedings against him, the sum being $1,558.33, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2011.

/s/ John D. Minton, Jr.

/s/ Chief Justice